**Curtis Ray PENIX, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–016–CR.**

Court of Appeals of Texas,
Fort Worth.

April 20, 1988.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Criminal Dist. Atty., and David K. Chapman, Asst., Fort Worth, for state.

Before BURDOCK, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

On January 13, 1987, appellant pleaded guilty to the charge of forgery by passing a check, *see* TEX.PENAL CODE ANN. sec. 32.21 (Vernon 1974), and answered "true" to one of two enhancement paragraphs in the indictment. The trial court assessed punishment at fifteen years imprisonment.

We affirm.

Appellant's sole point of error contends that he was denied the effective assistance of counsel because his lawyer was suspended from the practice of law at the time appellant pleaded guilty. Appellant urges that we take judicial notice of two documents appended to his brief. One document purports to be a copy of a default judgment signed on January 5, 1987, suspending appellant's trial counsel from the practice of law for ninety days. The other document purports to be a copy of a signed order, dated March 20, 1987, setting aside the default judgment of suspension against his attorney and granting a new trial. In the alternative, appellant argues that this court should abate his appeal for an evidentiary hearing in the trial court below in order to allow him to enter certified copies of these documents into evidence for our consideration.

The record before this court on appeal is silent as to the nature of the disciplinary action taken by the State Bar of Texas. Likewise, our record is silent as to the question of whether Penix's attorney knew of the disciplinary action or of the default judgment. There is also no evidence before us as to whether Penix knew of the default judgment entered against his attorney.

In this regard, there is a serious question of whether the issue of the temporary suspension of appellant's attorney is before this court. Appellant did not move for a new trial or any post judgment relief. Instead, his complaints are made for the first time on appeal. The trial court record contains no evidence of the status of appellant's attorney as a lawyer. The record of the guilty plea sent up from the trial court below is void of any irregularities. The only items which can be considered as evidence to support appellant's complaint are what purport to be an uncertified final judgment from the court entering the temporary suspension and an uncertified order overturning the default judgment and granting a new trial.

■ The fact that these documents are attached to the brief does not make them a part of the appellate record in this court. *See Young v. State*, 552 S.W.2d 441, 443 (Tex.Crim.App.1977); *Booth v. State*, 499 S.W.2d 129, 135 (Tex.Crim.App.1973); *Gipson v. State*, 669 S.W.2d 351, 353 (Tex.App. —Fort Worth 1984, no pet.). Appellant urges us to skirt this substantial problem by taking judicial notice of the documents. This we cannot do.

Under the Rules of Evidence, both civil and criminal, trial courts may take judicial notice of certain facts and documents. TEX.R.CIV.EVID. 201; TEX.R.CRIM. EVID. 201. This rule simplifies the presentation of evidence by allowing the court to consider matters generally accepted by society to be true without the necessity of proof. *See Gonzales v. State*, 723 S.W.2d 746, 751 (Tex.Crim.App.1987). However, this same rationale does not apply to appellate courts. It is our task to review those matters which were presented in evidence at the trial court because our function is to determine whether the trial courts comport with established precedents. Furthermore, it is well established in our common law that an appellate court cannot take judicial notice of the records of another court. *See Wilson v. State*, 677 S.W.2d 518, 523 (Tex. Crim.App.1984).

■ The Court of Criminal Appeals has left open the question of whether the adoption of TEX.R.CRIM.EVID. 201 changes this common-law rule. *See Turner v. State*, 733 S.W.2d 218, 222 (Tex.Crim.App.

1987). In civil cases, the adoption of TEX. R.CIV.EVID. 201 has not changed this same common-law rule. *See National County Mut. Fire Ins. Co. v. Hood,* 693 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1985, no writ). We agree with the rationale as expressed in *Hood* and hold that the adoption of TEX.R.CRIM.EVID. 201 does not abrogate this common-law rule in criminal cases.

■ At oral argument, appellant urged us to abate this appeal for an evidentiary hearing in the trial court to allow appellant to introduce certified copies of the documents into evidence. We decline to exercise our authority in this regard. We note from the transcript that appellant pleaded guilty on January 13, 1987. The judgment sentencing appellant was signed on January 15, 1987. A different attorney was appointed on January 30, 1987 to handle the appeal. Appellant's counsel had ample opportunity to raise this issue and introduce evidence by way of a motion for new trial. *See* TEX.CODE CRIM.PROC.ANN. art. 40.03(6) (Vernon 1979).

In sum, the record fails to support his contention that appointed trial counsel was suspended from the practice of law at the time of the guilty plea. We do not deem it an appropriate exercise of our power of abatement to send this case back to the trial court for an evidentiary hearing solely for the purpose of introducing certified copies of documents to support appellant's contention where counsel appointed for the appeal had ample opportunity to raise these grounds in a motion for new trial. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.