**Glenna SHUBERT, et al., Appellants,**

v.

**J.C. PENNEY COMPANY, INC., et al., Appellees.**

**No. 06–97–00066–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 30, 1997.

Decided Oct. 17, 1997.

Rehearing Overruled Nov. 25, 1997.

Steven E. Clark, Clark & Ashworth, Dallas, Doyle W. Curry, Law Office of Doyle Curry, P.C., Marshall, for Appellant.

Michael A. McLaughlin, Peter T. Martin, Martin, Farr, Miller, Raymond E. LaDriere, II, Locke Purnell Rain Harrell, Dallas, G.R. Akin, Akin, Bush, Neeley, Mason, Longview, Jack M. Sanders, Jr., Marshall, Hollye C. Fisk, Fisk & Fielder, P.C., Dallas, T. John Ward, Brown McCarrol & Oaks Hartline, Longview, Mark S. Scudder, Strasburger & Price, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

This is an appeal from an order granting the appellees/defendants' motion to transfer venue. Shubert contends that the district court erred by transferring venue over additional plaintiffs to Collin County because the addition of newly joined plaintiffs is not analogous to the filing of a "new suit"; thus the amended venue provisions do not apply, and transfer was improper.

The plaintiffs/appellants in this case work or worked for J.C. Penney. The company moved its corporate headquarters to Plano in 1992, and employees began working in a new complex of buildings before construction was

complete. The employees sought help from J.C. Penney and allege that the company made a concerted effort not to remedy the problem of various paints/dust/fumes from ongoing construction that had caused them to have severe respiratory illnesses. They also allege that the ill workers who complained have been discriminated against, fired, or forced to quit through demotions, harassment, and changes in terms of employment.

This lawsuit was originally filed by five plaintiffs [1] on August 31, 1995. After removal to federal court and a subsequent remand, the plaintiffs filed an amended petition on April 26, 1996, adding six new plaintiffs.[2] The suit was filed against J.C. Penney, its insurers, the construction companies and architects.[3]

The six new plaintiffs joined through the filing of an amended petition on April 26, 1996. A motion to transfer *as to the intervening plaintiffs' claims* was filed on May 15, 1996, and granted by written order on June 25, 1996.[4]

■■■ The first question that faces the Court in this appeal is the question of jurisdiction. This is an attempt to bring an interlocutory appeal from an order granting a motion to transfer venue. An order on a motion to transfer venue is by rule and statute not generally an appealable order. TEX.R. CIV. P. 87(6); *"21" Int'l Holdings, Inc. v. Westinghouse Elec. Corp.*, 856 S.W.2d 479, 484 (Tex.App.—San Antonio 1993, no writ).

This is an attempt to appeal under Section 15.003 of the Texas Civil Practice and Remedies Code. That section permits an interlocutory appeal from an order granting or denying joinder or intervention by plaintiffs, in which venue is the factor by which the trial court decides whether to permit joinder/intervention. The appellees argue here that the changed statute also authorizes an interlocutory appeal from venue rulings. It does not. The statute reads as follows:

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person **may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals** district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. **The court of appeals shall:**

(1) **determine whether the joinder or intervention is proper** based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party.

---

1. The original plaintiffs were Glenna Shubert, Angelena Simmons, Patti Johnson, Linda Sowells, and Julie Warnecke.

2. The additional plaintiffs are Rhonda Green, Regina Kirven, Melanie Martinez–Jones, Todne Tyner, Jaqui Pierce and Jacki Skeeters.

3. The defendants are J.C. Penney Co., Inc., Liberty Mutual Ins. Co., Johnson Controls, Inc., Johnson Controls World Services, Inc., HKS Architects, Inc., Henry C. Beck Co., H.B. Zachary Co., HCB/Zachary Joint Venture, and TDIndustries, Inc., d/b/a TDMechanical.

4. The order from which this appeal was taken is not standard, but is actually a letter that reads as follows: "The Motions to Transfer as to Intervening Plaintiffs' claims are granted and those cases are transferred to Collin County." The record was filed with this Court on July 24, 1997. After jurisdiction had fully vested in this Court, the trial judge signed a standard format order on August 4, 1997, providing the same relief and also ordering the relevant portions of the trial court record transferred to the district court in Collin County. A letter to counsel may constitute the pronouncement of judgment if it is in sufficient detail to state the court's decision on all the matters at issue and is filed with the clerk. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56 (Tex. 1970); *Abarca v. Roadstar Corp. of America*, 647 S.W.2d 327 (Tex.App.—Corpus Christi 1982, no writ). A letter is not a rendition of judgment if it only indicates the court's intention to render judgment in a certain way and sets out guidelines by which counsel are to draw a judgment. *Mixon v. Moye*, 860 S.W.2d 209, 210 (Tex.App.—Texarkana 1993, no writ); *Ex parte Gnesoulis*, 525 S.W.2d 205 (Tex.Civ.App.—Houston [14th Dist.] 1975, orig. proceeding). Similarly, if a letter contains the language of command that identifies an order, it is an order of the court.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.003 (Vernon Supp.1997) (emphasis added).

The construction suggested by counsel for appellee is insupportable under the language of the statute, and would also provide an opposite result from the clear language of TEX.R. CIV. P. 87. That rule provides the framework for the trial court to follow in determining the outcome of a motion to transfer venue, and concludes in Section 6 as follows: "There shall be no interlocutory appeals from such determination."

Further, the express terms of TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986) provide that:

> (a) In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue. The court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from the determination.

Appellees suggest that there is a recent case from the San Antonio Court of Appeals that supports its interpretation of Section 15.003. It does not. In *Masonite Corp. v. Garcia,* 951 S.W.2d 812 (Tex.App.—San Antonio 1997), the court reviewed Section 15.003 and acknowledged that it:

> expressly allows an interlocutory appeal for only one purpose—to "contest the decision of the trial court allowing or denying intervention or joinder." [citation omitted] Similarly, the statute limits the reviewing court's inquiry to a single question-"whether the joinder or intervention is proper." [citation omitted] This language indicates that the legislative intent underlying section 15.003(c) was quite narrow: to permit a dissatisfied litigant to obtain speedy appellate review of a trial court's decision regarding whether certain plaintiffs may properly join in the suit.

The San Antonio court correctly recognized that its review of a trial court's ruling on the propriety of an intervention/joinder issue will necessarily require the appellate court to determine the underlying venue question. Nevertheless, the statute specifically requires that the interlocutory appeal must be from an order granting or denying joinder/intervention and not from an order transferring venue.

The appeal is dismissed for want of jurisdiction.