**BRISTOL–MYERS SQUIBB CO.; The Cooper Companies; Coopervision, Inc.; Cooper Surgical, Inc.; Mec Subsidiary Corporation (Formerly Known as Surgitek,Inc.); Medical Engineering Corporation, Aesthetech Corporation, and National Y Surgical Specialities, Inc., Appellants,**

v.

**Linda Livingston BARNER, Katharyn Cogdill, Christel Freeman, Barbara Lynn Horn, Marcia Leonard, Demetra Meurer, Laverne Walker, Edith Williams and Irene Zapalac, Appellees.**

No. 13–97–702–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 15, 1998.

Michael J. Crowley, Jack D. Maroney, Maroney, Crowley, Bankston, Austin, Andrew Fairles Macrae, Austin, for Appellant.

Kip A. Petroff, Dallas, for Appellee.

Before SEERDEN, C.J., and YANEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an accelerated appeal pursuant to § 15.003(c) of the civil practice and remedies code.[1] Appellants claim the trial court erred in denying their motion to transfer venue and erred in permitting the joinder of plaintiffs who are unable to independently establish their right to bring suit in Victoria County.

This litigation involves nine plaintiffs who brought suit in Victoria County, Texas asserting negligence causes of action against four doctors and nine manufacturers of silicone gel breast implants.[2] Only one of the nine plaintiffs, Irene Zapalac, is a resident of Victoria County.

Appellants filed a motion to transfer venue and for severance in which they questioned the propriety of joinder and specifically denied Victoria County was a county of proper venue for any plaintiff except Irene Zapalac. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.1998). Appellants requested the trial court transfer the improperly joined plaintiffs to the counties in which all or a substantial part of the events or omissions giving rise to the alleged claims occurred; to the district court of Dallas County, the county in which Bristol–Myers Squibb Company maintains its principal Texas office; or to the counties in which the individual plaintiffs resided at the time their causes of action accrued.

Following a non-evidentiary hearing, the trial court denied appellants' motion to transfer venue and for severance. No findings of fact or conclusions of law were requested or filed. We reverse and remand.

Appellants' ability to bring this interlocutory appeal is premised entirely on § 15.003.

1. Section 15.003(c) provides that "... a party opposing ... joinder ... may contest the decision of the trial court allowing ... joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1998).

2. The doctors were subsequently nonsuited.

However, based on appellants' asserted points of error, we are initially confronted with a question concerning our jurisdiction as granted by the legislature in § 15.003.

■ By appellants' third point of error[3] they are not contesting joinder. Instead, they are contesting a decision regarding transfer of venue, which is not subject to interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 1986).

We recently addressed this very issue with the same appellants and concluded that, "because § 15.003 does not authorize an interlocutory appeal of the trial court's denial of a motion to transfer venue, we are without jurisdiction to consider a point of error concerning the denial of a motion to transfer." *Surgitek, Inc., et al. v. Sue Adams,* et al., 955 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1997, writ filed). We thus decline to address appellants' third point of error.

■ The trial court's permitting joinder of all plaintiffs is the subject of appellants' first and second points of error. More specifically, appellants complain of the trial court's action in allowing joinder of those plaintiffs who cannot independently establish all of the requisite elements of § 15.003.[4]

Plaintiffs were members or registrants of the original Silicone Gel Breast Implant Global Settlement Agreement, which was filed in the United States District Court for the Northern District of Alabama on March 29, 1994 (the "Settlement Agreement"). The Breast Implant Litigation Settlement Notice was filed in the same court on September 19, 1994 (the "Settlement Notice"). Pursuant to the terms of the Settlement Notice, Plaintiffs elected to opt out of the settlement during what was termed the "Second Opt Out" period.

The trial court declined to apply § 15.003 to Plaintiffs because it concluded the Settlement Agreement and Settlement Notice required application of the venue law as it existed prior to April 1, 1994.[5] Appellants also assign error to that decision.

At issue in this joinder dispute is language contained in the Settlement Agreement, Section III, "Settlement Terms." Subsection C(4)(b) of the Settlement Agreement provides:

> Any Settlement Class Member who elects to opt out of the Agreement during the Second Opt Out Period as prescribed in subparagraph (4)(a) above *shall retain all rights* under applicable law that existed prior to the execution and approval of this Agreement.

(Emphasis added). Appellants contend "all rights" is limited to substantive rights, not procedural rights, whereas Plaintiffs assert "all rights" means just that—all rights without limitation.

The parties agree that if we construe the term "all rights" in the manner advocated by appellants, then Plaintiffs were required to independently prove venue facts which would entitle each of them to maintain their action

---

3. Appellant's third point of error states: "The Trial Court Erred in Denying Defendants' Motion to Transfer Venue and for Severance."

4. Section 15.003 provides:
   (a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
   (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
   (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;
   (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the suit and the persons against whom the suit is brought.
TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a) (Vernon Supp.1998).

5. Prior to the enactment of § 15.003(c), "when two or more parties [were] joined as defendants in the same action or two or more claims or causes of action [were] properly joined in one action and the court [had] venue of an action or claim against one defendant, the court also [had] venue against all defendants unless one or more of the claims or causes of action" was governed by a mandatory venue provision. TEX. CIV. PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986), *repealed by* Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 10, 1995 Tex. Gen. Laws 978, 981.

in Victoria County. Thus, the question we must resolve is the meaning of the term "all rights."

That the Settlement Agreement is a contract is not disputed. However, a contract may be composed of several documents which must be construed as a single, unified instrument. *W.B. Dunavant & Co. v. Southmost Growers, Inc.*, 561 S.W.2d 578, 582 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). In construing the disputed term in the Settlement Agreement, we must attempt to ascertain the entire agreement between the contracting parties. *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, 327 (Tex.1984). To do this, we turn to the Settlement Notice. *See Jim Walter Homes, Inc.*, 668 S.W.2d at 327 (separate documents executed at the same time, for the same purpose, and in the course of the same transaction are to be construed together).[6]

The Settlement Agreement must be construed with the Alabama court's Settlement Notice. Paragraph 18(c) of the Settlement Notice provides, "Persons who exclude themselves at [the Second Opt Out] point will retain all rights under applicable law that existed prior to April 1, 1994, including the right to seek punitive or multiple statutory damages in addition to compensatory damages." Paragraph 36 provides, "you and your family will retain any rights you may have *to file or pursue* ... any claims and lawsuits against any of the Settling Defendants." (Emphasis added).

Construing the Settlement Agreement together with the Settlement Notice, we are convinced that the term "all rights" is limited to all substantive rights. Plaintiffs are entitled to assert all causes of action available to them on or before April 1, 1994, but in doing so, must abide by rules of procedure in effect at the time suit is filed.

Plaintiffs filed their lawsuit in March, 1996, more than six months after § 15.003 became effective. They are thus bound by its procedural requirements. Because plaintiffs did not provide any evidence to satisfy any of the four elements of § 15.003(c), the trial court erred in not granting Bristol–Myers's request for a severance.

Plaintiffs urge us to find appellants are "quasi-estopped" from requiring Plaintiffs to prove venue under § 15.003. We decline to do so. The principle of quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position it has previously taken. *Enochs v. Brown*, 872 S.W.2d 312, 317 (Tex.App.—Austin 1994, no writ); *Steubner Realty 19, Ltd. v. Cravens Rd. 88, Ltd.*, 817 S.W.2d 160, 164 (Tex.App.—Houston [14th Dist.] 1991, no writ). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which it accepted a benefit. *Id.* Misrepresentation by one party, and reliance by the other, are not necessary elements of quasi-estoppel. *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765 (Tex. App.—Texarkana 1992, writ denied).

We have already decided the terms of the Settlement Agreement do not preclude plaintiffs from asserting any cause of action available to them. Thus, we cannot say appellants are maintaining a position inconsistent with the one it took when it entered into the Settlement Agreement.

As Plaintiffs' quasi-estoppel argument fails, we sustain Bristol–Myers's first and second points of error. The order of the trial court is REVERSED and the case REMANDED for further proceedings consistent with this opinion.

---

6. We are cognizant that the Settlement Agreement and the Settlement Notice were not executed contemporaneously. However, we are persuaded by the supreme court's reasoning in *Jim Walter Homes,* and find it applicable here.