

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00306-CV

CAROLYN BUTLER                                                                APPELLANT

V.

DAVID WHITTEN, M.D.; JON                                                      APPELLEES
BEAZLEY, D.O.; AND JOSEPH
DELPRINCIPE, D.O.

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 096-267810-13

----------

## MEMORANDUM OPINION[1]

----------

The trial court dismissed Appellant Carolyn Butler's lawsuit against Appellees David Whitten, M.D.; Jon Beazley, D.O.; and Joseph DelPrincipe, D.O. because she failed to file an expert report pursuant to Texas Civil Practice and Remedies Code section 74.351(a).  *See* Tex. Civ. Prac. & Rem. Code Ann.

----------

[1]*See* Tex. R. App. P. 47.4.

§ 74.351(a) (West Supp. 2014). In three issues, Butler argues that (1) "[i]t is error to admit expert evidence on issues where no specialized or technical knowledge was necessary"; (2) "[t]he trial court erred when the court ruled that Appellant was required to serve expert opinion evidence for unprofessional conduct"; and (3) "[e]xpert opinion evidence diminishes the right to a jury trial."[2]

Butler's petition alleged that on February 4, 2011, she fell and injured her leg and back because Defendants Robert Skegrud and Lola Kelley did not properly maintain their rental property in Arlington, Texas. She alleged that Appellees did not accurately diagnose her leg injuries so that her leg injuries were left untreated. She sought money damages from each of the Appellees.[3]

Butler did not serve any expert report on any of the Appellees or their attorneys either before or after the statutory, 120-day deadline. On Appellees' motion, the trial court dismissed Butler's claims and severed them from her claims against Skegrud and Kelley.

Butler perfected this appeal from the trial court's order dismissing her lawsuit against Appellees.[4] In her first and second issues, Butler argues that she

---

[2]Butler appeared pro se in the trial court and, likewise, proceeds pro se in this appeal.

[3]Butler's petition is brief; it is handwritten, double-spaced, and three pages long.

[4]In the trial court and in this court, Appellee David Whitten, M.D. was represented by counsel, and Appellees Jon Beazley, D.O. and Joseph DelPrincipe, D.O. were represented by different counsel. Although two

2

"asserted a[n] unprofessional conduct, and a[n] emotional harm cause of action that did not require expert evidence, pursuant to the Federal Rules of Evidence, Article VII, Rule 702 and Citation 956 S.W.2d 635 (1997)." Butler alleges that Appellees refused to reveal x-ray evidence to her and were rude to her and that this conduct by Appellees constituted unprofessional misconduct that did not require an expert report. She argues that a year and a half later she was diagnosed by a different doctor as having an incomplete fracture of her right tibia that had caused her pain. She claims that she can testify to Appellees' conduct "based on her own personal knowledge" because she "actually observed [Appellees'] conduct during her emergency visits."

A trial court must grant a defendant's motion to dismiss a healthcare-liability suit with prejudice unless the plaintiff serves a timely expert report within 120 days of filing the original petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (b). To qualify as a timely expert report, the report must represent a good faith effort to comply with the statutory requirements for an expert report. *See id.* § 74.351(*l*). An expert report is defined as a written report by an expert that provides a fair summary of the expert's opinions regarding (1) the applicable standard of care; (2) the manner in which the care provided failed to meet that standard; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *See id.* § 74.351(r)(6); *see also Bowie Mem'l Hosp.*

Appellees' briefs were filed in this court, we group all Appellees together for purposes of our opinion because their positions on appeal are the same.

3

*v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001).

We review a claim that a trial court improperly granted a motion to dismiss under section 74.351(b) for an abuse of discretion. *Wright*, 79 S.W.3d at 52 (citing *Palacios*, 46 S.W.3d at 878). To determine whether the trial court abused its discretion, we must decide whether the trial court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Id.*; *see also Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996). In making such a determination, a court of appeals may not substitute its own judgment for the trial court's judgment. *Wright*, 79 S.W.3d at 52.

The law is well-settled that a failure-to-diagnose claim requires that an expert report be filed. *See, e.g.*, *Otero v. Richardson*, 326 S.W.3d 363, 370 (Tex. App.—Fort Worth 2010, no pet.) (holding expert report satisfied causation component of report involving failure to diagnose left fibula fracture); *Barko v. Genzel*, 123 S.W.3d 457, 460–61 (Tex. App.—Eastland 2003, no pet.) (holding that expert report was inadequate on plaintiff's failure-to-diagnose-back-injury claim because report did not indicate that plaintiff would have satisfactorily recovered from back injury but for the alleged failure to diagnose). To the extent Butler argues otherwise in her first and second issues, we overrule them.

Butler also argues that her claims against Appellees are not healthcare-liability claims. We review de novo whether a cause of action is a healthcare-liability claim. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex.

4

2012). In determining whether Butler's claims are healthcare-liability claims, we examine the underlying nature of the claim and are not bound by the form of the pleading. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005); *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). We must focus on the essence of the claims and consider the alleged wrongful conduct and the duties allegedly breached, rather than the injuries allegedly suffered. *Diversicare*, 185 S.W.3d at 851. A healthcare-liability claim may not be recast as another cause of action to avoid the expert-report requirement. *See id.* Butler's petition alleges that Appellees did not accurately diagnose her leg injuries so that her leg injuries were left untreated. As set forth above, this allegation asserts a healthcare-liability claim that requires an expert report to be filed. The underlying nature of Butler's claim is to hold Appellees liable for the medical care they did or did not provide to her; Butler cannot recast her claim on appeal into a "unprofessional conduct [rude] and emotional harm" claim. *See id.* To the extent Butler's first and second issues seek to recast her pleaded claim into a nonhealthcare-liability claim to avoid the requirements of chapter 74, we overrule them.

In her third issue, Butler argues that the expert-report requirement diminishes the right to a jury trial. Appellees point out that Butler did not raise this complaint in the trial court and argue that to the extent she purports to make a constitutional challenge on appeal to the statutory expert-report requirement, her constitutional challenge is not preserved. We must agree, and we generally

5

do not favor reversing a trial court's ruling on unpreserved error.  *See* Tex. R. App. P. 33.1(a)(1) (providing that to preserve a complaint for appellate review, the complaining party must present the complaint to the trial court by timely request, objection, or motion); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (holding party failed to raise constitutional argument that trial court's ruling violated open-courts provision and thus did not preserve it for appeal); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (holding party waived due-process and equal-protection challenges by failing to raise them in trial court); *Birdo v. Ament*, 814 S.W.2d 808, 811 (Tex. App.—Waco 1991, writ denied) (holding pro se appellant waived constitutional complaints to dismissal of his lawsuit by not raising the constitutional challenges in the trial court).  Because the error alleged in Butler's third issue was not raised in the trial court, it is waived. We overrule Butler's third issue.

Having addressed each of Butler's three issues and having overruled her issues and complaints, we hold that the trial court did not abuse its discretion by dismissing Butler's claims against Appellees.  We affirm the trial court's dismissal order.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  September 18, 2014