**MOTE RESOURCES, INC. and J. Phillip Mote, Appellants,**

v.

**NORTHRIDGE OIL COMPANY, Appellee.**

**No. 9168.**

Court of Appeals of Texas, Texarkana.

Oct. 4, 1983.

Rehearing Denied Nov. 1, 1983.

Writ of Error Dismissed for Want of Jurisdiction Jan. 11, 1984.

Norman Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Jim Alsup, Small, Craig & Werkenthin, Austin, for appellants.

Donald B. Friedman, Friedman & Hooper, Texarkana, Kenneth L. Ross, Sharp, Ward, Ross, McDaniel & Price, Longview, for appellee.

BLEIL, Justice.

This venue case arises out of Northridge Oil Company's suit against Mote Resources, Inc. and J. Phillip Mote. Each defendant filed a plea of privilege to be sued in Dallas County, the residence of each defendant. Northridge claims that venue is proper against Mote Resources, Inc. by virtue of Subdivision 23 of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), which allows for suit against a private corporation in a county in which a part of a cause of action arises. Northridge claims J. Phillip Mote is a necessary party properly suable in Bowie County under Subdivision 29a.

Northridge plead a cause of action for breach of contract and at the venue hearing introduced two separate agreements. Charles Trammel, an officer of Northridge, testified that both defendants owed Northridge a total of $2,314,680.81, of which Phillip Mote owed $67,853.96. We now address the venue questions.

## VENUE REGARDING MOTE RESOURCES, INC.

Northridge controverted Mote Resources' right to be sued in the county of its residence by claiming that it was a private corporation against whom it had a cause of action which arose in Bowie County. We presume these fact issues, which the pleadings and evidence support, were resolved in favor of Northridge. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). We find the evidence sufficiently supports the overruling of the plea of privilege filed by Mote Resources, Inc.

## VENUE REGARDING J. PHILLIP MOTE

We begin considering whether the trial court properly overruled J. Phillip Mote's plea of privilege by looking at the statute. Article 1995, Subd. 29a, provides:

"Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Because we have concluded that suit is lawfully maintainable in Bowie County against Mote Resources, Inc. the only remaining question is whether J. Phillip Mote is a necessary party to the action filed by Northridge against Mote Resources.

Tex.R.Civ.P. 39, dealing with necessary parties, seems to be a logical beginning point. Cases decided pursuant to that rule generally hold that persons having a direct interest in the object and subject matter of a suit, whose interest will necessarily be affected by a judgment in the case, are necessary parties. *See Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956); *Hill v.*

*Carr,* 307 S.W.2d 828 (Tex.Civ.App.—Austin 1958, no writ). Further considerations are whether a final judgment can be entered without either affecting a person's interest or without leaving the controversy in such a condition that its final termination may be inconsistent with equity and good conscience. *Royal Petroleum Corporation v. Dennis,* 160 Tex. 392, 332 S.W.2d 313 (1960). But, Tex.R.Civ.P. 816 provides that the rules of civil procedure shall not be construed to extend or limit venue.

Therefore, in determining whether Phillip Mote is a necessary party we look solely to venue cases. A necessary party within the meaning of Subd. 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), is a person whose joinder is required to afford the plaintiff the full relief to which he is entitled in a suit which can be lawfully maintained in the county of suit. *Loop Cold Storage Co. v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex.1973); *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758 (1956). While this rule may appear vague, it has been interpreted to require that a defendant have joint liability before he is deemed a necessary party. Neither the pleadings of Northridge nor any evidence introduced by it supports a recovery against the defendants jointly. We are therefore compelled to hold that the trial court erred in overruling J. Phillip Mote's plea of privilege. In reaching this conclusion we are not unmindful of the need for proper administration of justice. Obviously, this controversy could most fairly, expeditiously, and economically be tried as one lawsuit. However, as noted by the court in *Loop Cold Storage Co. v. South Texas Packers, Inc.,* supra, the Texas venue law does not leave our decision to considerations of the better administration of justice.

We affirm the judgment with regard to Mote Resources, Inc.; we reverse the judgment with regard to J. Phillip Mote and render judgment that the case against him be transferred to Dallas County.