**SURGITEK, INC., Medical Engineering Corporation and Bristol–Myers Squibb Company, Appellants,**

v.

**Sue ADAMS, et al.,Appellees.**

No. 13–97–332–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 9, 1997.

Roger W. Hughes, Adams & Graham, Harlingen, G. Thomas Coghlan, Gayla S. Corley, Lang, Ladon, Green, Coghlan, San Antonio, for Appellants.

Michael T. Gallagher, J. Scott Nabers, Sharon S. McCally, Houston, Gallagher, Lewis & Downey, Frank Costilla, Costilla & Stapleton, Brownsville, Eugene A. Cook, Warren W. Harris, Deanne M. Noel, Gael Plauche, Bracewell & Patterson, Houston, for Appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an accelerated appeal pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1997).[1] Appellants, three of forty-five defendants below, claim the trial court erred in denying their motion to transfer venue and erred in permitting the joinder

of plaintiffs who are unable to independently establish their right to bring suit in Cameron County.

This litigation involves seventy-five plaintiffs who brought suit in Cameron County, Texas asserting negligence causes of action against forty-two doctors and three manufacturers of silicone gel breast implants. The plaintiffs' ages span more than thirty years and the reasons for being implanted are primarily cosmetic or restorative. Two plaintiffs are residents of Cameron County, sixty-two are residents of other Texas counties, and eleven are residents of states other than Texas.

Appellants filed a motion to transfer venue in which they questioned the propriety of joinder and specifically denied Cameron County was a county of proper venue as (1) none of the events or omissions giving rise to any alleged claim occurred in Cameron County, (2) none of the appellants have their principal place of business in Cameron County, and (3) none of the plaintiffs except Sue Adams and Blanca Molina resided in Cameron County at the time their causes of action accrued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.1997). Appellants requested that the trial court transfer the improperly joined plaintiffs to the counties in which all or a substantial part of the events or omissions giving rise to the alleged claims occurred; to the district court of Dallas County, the county in which Bristol–Myers Squibb Company maintains its principal Texas office; or to the counties in which the individual plaintiffs resided at the time their causes of action accrued.

Following a non-evidentiary hearing, the trial court denied appellant's motion to transfer venue. No findings of fact or conclusions of law were requested or filed. We affirm.

Appellants' ability to bring this interlocutory appeal is premised entirely on section 15.003. However, based on appellants' asserted points of error, we are initially confronted with a question concerning our jur-

---

1. Section 15.003(c) provides that "... a party opposing ... joinder ... may contest the decision of the trial court allowing ... joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals."

isdiction as granted by the legislature in section 15.003.

■ When construing a statute, our primary goal is to ascertain and give effect to the legislature's intent. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). To determine legislative intent, we focus first on the literal text of the statute because this is the only definitive evidence of what the legislators intended when the statute was enacted into law. *Crimmins v. Lowry,* 691 S.W.2d 582, 584 (Tex.1985); TEX. CONST. art. II, § 1. In determining the meaning of statutory language, "consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction." *Sayre v. Mullins,* 681 S.W.2d 25, 27 (Tex.1984); *City of Harlingen v. Avila,* 942 S.W.2d 49, 51 (Tex.App.—Corpus Christi 1997, writ denied). However, when we construe a statute that establishes appellate jurisdiction, we are not at liberty to expand our jurisdiction beyond that conferred by the legislature. *Masonite Corp. v. Garcia,* 951 S.W.2d 812, 816 (Tex.App.—San Antonio 1997, n.w.h.).[2]

■ With these principles to guide us, we turn to the language of the statute. Section 15.003 is not a venue statute; it is a joinder statute. The statute allows an interlocutory appeal for one specific purpose: to "contest the decision of the trial court allowing or denying intervention or *joinder.*" TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1997) (emphasis added). Moreover, the statute limits this Court's inquiry to a single question: "whether *joinder* or intervention is proper." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1) (Vernon Supp.1997) (emphasis added). The language used clearly indicates the legislature's intent that section 15.003(c) was narrowly drafted to permit a litigant to obtain speedy appellate review of a trial court's decision with respect to whether certain plaintiffs may properly join in a suit.

By appellants' third point of error[3] they are not contesting joinder. Instead, they are contesting a decision regarding transfer of venue, a decision that is not subject to interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986).

Because we conclude section 15.003 does not authorize an interlocutory appeal of the trial court's denial of a motion to transfer venue, we are without jurisdiction to consider appellants' third point of error.

The trial court's permitting joinder of all plaintiffs is the subject of appellants' first and second points of error. More specifically, appellants complain of the trial court's action in allowing joinder of those plaintiffs who cannot independently establish all of the requisite elements of section 15.003. These elements are set out in subsection (a) of the statute which reads as follows:

(a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a) (Vernon Supp.1997).

■ Plaintiffs have asserted a single cross-point in which they claim that, to the extent appellants' points of error request review of the trial court's order implicitly finding that plaintiffs have met the requirements set out in section 15.003(a)(2)—(4) to estab-

---

2. *Masonite* is the only published opinion to date addressing section 15.003.

3. Appellant's third point of error states: "The Trial Court Erred in Denying Defendants' Motion to Transfer Venue."

lish venue, we lack jurisdiction. The basis of plaintiffs' argument is that because a trial court's venue determinations are not reviewable by interlocutory appeal, TEX. CIV. PRAC. & REM.CODE ANN. § 15.064 (Vernon 1986), and inasmuch as subsections (a)(2)—(a)(4) discuss the establishment of venue, not joinder, jurisdiction is lacking. We disagree.

Section 15.003(a) provides that a person "who is unable to establish proper venue may not join or maintain venue ..." unless the person can meet the four criteria set out in subsections (a)(1)—(a)(4). Subsection (c) permits an interlocutory appeal by

> "[a]ny person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person...."

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1997). Applying proper grammatical construction, TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1988), the phrase "of such a person" relates back to "a person seeking ... joinder who is unable to independently establish proper venue...." We must presume the legislature intended for the entire statute to be effective. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1988). If we interpret section 15.003(c) in the limited manner advocated by plaintiffs, subsections (a)(2)—(a)(4) would be meaningless to a trial court attempting to determine proper joinder.

We overrule plaintiffs' sole cross-point and assume jurisdiction to consider the merits of appellants' points of error one and two.

■ In this case of first impression, our initial inquiry concerns the applicable standard of review. Appellants claim a de novo review is proper, while the plaintiffs urge that factual sufficiency is the proper standard.

Section 15.003(c)(1) specifically provides that "[t]he court of appeals shall determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." We therefore do not review the trial court's determination as to whether joinder was proper under an abuse of discretion standard, nor do we merely weigh the evidence to determine whether it is sufficiently substantial to support that determination.

■ Whether joinder is proper under section 15.003(a) is not a simple matter of applying a clear legal definition or standard to a narrow set of facts. Rather, it involves a series of legal tests which evaluate needs, prejudice, and convenience to the parties. The ultimate determination of whether joinder is proper thus depends upon both (1) factual determinations concerning the nature of the underlying lawsuit and the situation of the various parties before the trial court, and (2) application of the legal tests of section 15.003(a) to those facts.

With regard to the underlying factual determinations, there is no indication in the statute that the legislature intended for this Court to make independent fact findings about the nature of the underlying lawsuit and the situation of the parties. We must still defer to the trial court's determination of these matters and may not substitute our findings for those of the trial court on controverted questions of fact. See Mortgage and Trust, Inc. v. Bonner & Co., 572 S.W.2d 344, 351 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

With regard to the application of the legal tests for joinder, however, we conclude that the legislature intended by the terms of section 15.003(c)(1) for the courts of appeals to independently, or de novo, interpret and apply the legal tests of section 15.003(a) (involving essential need, unfair prejudice, and convenience) to the facts of the case as found or impliedly found by the trial court, independent of any deference to the conclusions of the trial court. This is consistent with the de novo review that we apply to any question of law. See Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex.1995); Armbrister v. Morales, 943 S.W.2d 202, 205 (Tex. App.—Austin 1997, n.w.h.).

We thus accept the implied findings of the trial court on controverted fact issues, and independently apply the requirements of section 15.003(a) to those facts to determine whether joinder was proper. Using this

standard of review, we turn to appellants' points of error.

■ The plaintiffs initially argue that because no findings of fact and conclusions of law were requested or filed, we must presume the trial court made all findings necessary to support its order. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). While this proposition of law is correct, it has no application here because the court did not conduct an evidentiary hearing.

We liken this situation to a hearing on a motion for summary judgment. In such a hearing, no testimony is taken. Tex.R. Civ. P. 166a(c). The supreme court has held that findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood v. NCNB, Texas,* 885 S.W.2d 102, 102 (Tex.1994). If no testimony is taken, and there is no dispute concerning the facts, there is no need for findings of fact.

Postjudgment proceedings provide another analogy. In *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464 (Tex.App.—Fort Worth 1986, no writ), the Fort Worth Court of Appeals considered whether findings of fact and conclusions of law were proper in a postjudgment context. The court reviewed rule 296 of the Texas Rules of Civil Procedure, which provides that "in any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." Tex.R. Civ. P. 296. Such findings and conclusions are to be filed "within twenty days after judgment is signed ... " *Id.* The *Johnson* court interpreted this language to mean that such findings are to be filed upon proper request only after a nonjury trial, and that the rule is not applicable to postjudgment hearings. *Johnson,* 717 S.W.2d at 467–68.

We see no reason to adopt a different rule for pretrial motions. In the present case, trial had not yet occurred. Because this was a pretrial motion for which no findings of fact or conclusions of law are necessary, the plaintiffs derive no benefit from appellants not requesting findings of facts or conclusions of law. We overrule the plaintiffs' contention and proceed to an analysis of the four requirements set out in section 15.003(a).

### 1. Is Joinder Proper Under the Rules of Civil Procedure?

■ The rules of civil procedure provide for joinder of all persons in one action if:

they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if *any* question of law *or* fact common to all of them will arise in the action.

Tex.R. Civ. P. 40(a) (emphasis added).[4]

■ The plaintiffs asserted the same right to relief—compensation for damages suffered as a result of appellants' negligence in implanting them with defective and/or dangerous silicone gel breast implants. While the amount of compensation each plaintiff may be awarded will differ depending on the damages proven by each individual, all plaintiffs clearly asserted their right to damages against these appellants.

Additionally, and contrary to appellants' assertion, we find questions of law or fact common to the plaintiffs. These include the admissibility of evidence of the federal Food and Drug Administration's ban on silicone breast implants, the qualifications of experts who will be called to testify, and the adequa-

---

**4.** In considering appellants' contentions regarding joinder under the rules of civil procedure, the plaintiffs have asked the Court to take judicial notice of motions filed by appellants in *In re Silicone Gel Breast Implants Prod. Liability Litigation* (MDL No. 926). The plaintiffs assert these motions constitute a judicial admission by appellants that there are common questions of law and fact among similarly situated plaintiffs. While we do not believe the pleadings in the multi-district litigation are dispositive of our determination, because the plaintiffs have request-

ed that we take judicial notice of the pleadings and they have provided us with copies of the pleadings, we are required to do so. *See Office of Public Util. Counsel v. Public Util. Comm'n.,* 878 S.W.2d 598, 600 (Tex.1994); *City of Dallas v. Moreau,* 718 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (judicial notice is mandatory if requested by a party and the court is supplied with the necessary information). The plaintiffs' motion to take judicial notice is GRANTED.

cy of warnings to the plaintiffs. Furthermore, each jury will have to make a basic determination regarding whether the breast implants were defective.

■ Appellants argue the plaintiffs cannot show the action arose out of the same transaction, occurrence or series of transactions or occurrences. Appellants have improperly interpreted rule 40. A showing of the same transaction or occurrence is not *required*, it is *permitted* in the alternative, *i.e.*, if the plaintiff cannot assert any right to relief jointly or severally. As the plaintiffs have shown their right to relief severally, the alternative means of establishing a right to relief is not required. We conclude the plaintiffs' joinder in Sue Adams's suit was proper under rule 40.

### 2. Is There Unfair Prejudice to Appellants by Maintaining Suit in Cameron County?

■ Appellants admit venue in Cameron County is proper with respect to plaintiff Sue Adams, and irrespective of what occurs with the other plaintiffs, they will have to try her case in Cameron County. Appellants have not asserted they cannot get a fair and impartial trial in Cameron County, *see generally* Tex.R. Civ. P. 257, only that "prejudice is evident in the prosecution of claims completely and totally unrelated to the forum and removed from the county of Defendant's principal Texas office." However, this statement only applies to Bristol–Myers Squibb Company, as it is uncontroverted that appellant Surgitek, Inc. d/b/a Medical Engineering Corporation is a Delaware corporation with its principal place of business in Wisconsin.

As appellants will be required to try this case in Cameron County with respect to Sue Adams, we find no unfair prejudice resulting to appellants from having to try the case in Cameron County with respect to the other plaintiffs.

### 3. Is There an Essential Need for the Plaintiffs to Try Their Case in Cameron County?

■ The third prong of section 15.003 requires showing "an essential need to have the person's claim tried in the county in which the suit is pending." The legislature did not define "essential need," so we must give the phrase its common meaning. Tex. Gov't Code Ann. § 311.011(a) (Vernon 1988). "Essential" is defined as "indispensably necessary; important in the highest degree; requisite." Black's Law Dictionary 546 (6th ed.1990). Plaintiffs argued:

> The essential need to which the statute refers can be satisfied quite simply. Through the economies of scale and judicial economy, there is not a county in this state, Your Honor, in which these cases can be tried, in a manner that is more convenient for any of the parties.

The plaintiffs urged that the effect of section 15.003 as applied to this case will cause the inefficient and impractical splintering of lawsuits, by requiring the claims of similarly situated plaintiffs against the same defendants to be tried in thirty different counties. Such a result was contemplated and plainly rejected by the legislature. *See Masonite,* at 817 (although the rulings have caused the claims of similarly situated plaintiffs against the same defendants to be splintered into sixteen lawsuits in sixteen different counties, this type of result was contemplated by the legislature).

Moreover, such concern ignores the fact that appellants asked the trial court to either transfer the improperly joined plaintiffs to the counties of their residence OR to Dallas County, the county in which Bristol–Myers Squibb Company maintains its principal Texas office. There need be only two suits to resolve the plaintiffs' causes of action, not thirty.

However, there are at least forty-two other defendants in this lawsuit, primarily the doctors who performed the implant surgeries. These defendants are not a party to this appeal, nor have they requested leave to intervene in this appeal. Thus, we can presume that, regardless of our decision concerning appellants, the lawsuit will continue with the seventy-five plaintiffs and forty-two defendants who remain. We see the question not as "How many lawsuits will have to be tried?", but rather, "Are appellants neces-

sary parties in the suit between the plaintiffs and the other defendants?"

Rule 39 of the Texas Rules of Civil Procedure provides that a person may be joined as a party if in his absence complete relief cannot be accorded the parties. Tex.R. Civ. P. 39. Objectives to be considered are whether a final judgment can be entered without either affecting a person's interest or without leaving the controversy in such a condition that its final termination may be inconsistent with equity and good conscience. *Royal Petroleum Corp. v. Dennis,* 160 Tex. 392, 332 S.W.2d 313 (1960); *Mote Resources, Inc. v. Northridge Oil Co.,* 667 S.W.2d 179, 181 (Tex.App.—Texarkana 1983, no writ).

Appellants manufactured all of the silicone breast implants at issue in this suit. We conclude that in the absence of these manufacturers, neither the plaintiffs nor the defendant doctors will be able to obtain complete relief. For example, if the manufacturers are not joined as defendants in the plaintiffs' suit in Cameron County and a jury determines both the manufacturers and the doctors are liable, plaintiffs will have only one defendant from whom they can secure recourse. Conversely, if the jury makes a determination of joint and several liability on the part of the doctors and the manufacturers, without the presence of the manufacturers, the doctors will be required to shoulder payment of the entire verdict when they may only be liable to the plaintiffs in a small percentage.

We hold that the necessary party status of appellants constitutes an "essential need" to the plaintiffs who will continue to prosecute their claims against the other defendants in Cameron County.

### 4. Is Cameron County a Fair and Convenient Venue?

For the same reasons that we find the plaintiffs have established there is no unfair prejudice resulting to appellants, we conclude it would also be fair and convenient for appellants to try the case in Cameron County.

Our "independent review" of the record and application of the four requirements enumerated in section 15.003(a) to the facts of this case lead us to conclude the plaintiffs were properly joined with Sue Adams in Cameron County. Appellant's first and second point of error are overruled. The order of the trial court is AFFIRMED.