**BRISTOL–MYERS SQUIBB COMPANY, Surgitek, Inc., Medical Engineering Corporation, CBI Medical, Inc., Natural Y/Aesthetech, Appellants,**

**v.**

**Tonya Lynne GOLDSTON and Foy Goldston, Melba Adams Currence and James Currence, Linda Ancell and Gregory Ancell, Lea Ash Danny Ash, Merry Angela Blair, Kimberly Boyle and Rick Boyle, Kenda Castles and Mike Castles, Rose-**

---

marie Chapman and Jackie Chapman, Danell Cook and David Cook, Patricia Dean, Janie Edwards and G. Don Edwards, Karen Fenoglio Johnson, Gerry Gamboa and Tony Gamboa, Kathy Gary and James Gary, Toni Halady and Robert C. Halady, II, Mable Jean Hall and T.E. Hall, Martha Harbison and Garett Harbison, the Estate of Bonnie Hodges Raymond Leon Hodges, Amelia Kay Hoyt and David Hoyt, Shelly Jackson Richard Jackson, Janis Gayle Johnson and Bob Johnson, Mary Elizabeth King and John King, Doris Kinzer and Albert Kinzer, the Estate of Sallie Lou Knox, Lynda Lynch And Jackey Lynch, Daphne Marsh and Leroy Marsh, Bonita May and Jimmy May, Elizabeth McCown and Harlan McCown, M. Sharon McNett and Ronnie McNett, Cathy Mills and Gary Mills, Dottie Murphy, Edith Rickels and Alvin Rickels, Jean Renee Routon and Arthur Edward Routon, Jo Schmidt and David Schmidt, Barbara Schoyen and James Schoyen, Sr., Patty Shipman and Ronnie Shipman, Jane Styles and David Styles, Kimberly Taylor and Michael Taylor, Patricia Thompson and Gerald Thompson, Audrey Torblaa and Robert Torblaa, Mary Watkins, Melynda Weaver, Linda Wilson, Belinda Worley and Ruben Worley, Donna Allen, Darlene Alderman, Janet Mcshan, Pam Koetter, Lisa Lois Price, Marian Stanley and George Stanley, Judy Strange, Carol Woodard, Debbie Loafman, Jo Lynn Watkins Cauble, and Pamela Cadle, Appellees. [1]

No. 2–98–248–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1998.

1. Although the trial court's Order Denying Defendants' Motions to Transfer Venue and Motions to Strike Joinders and Interventions lists 105 plaintiffs in the style of the case, these ninety-two individuals are the remaining plaintiffs/appellees to this appeal. The record indicates that thirteen individuals entered agreed orders of dismissal with prejudice: Robin Berryman, Julie Bolduc, Helen Maxine Cely, Mary Van Derzee Emberlin and Alva Emberlin, Arrilia Parker and Donald Parker, Dorothy Scheurer and Robert Scheurer, Jo Lynn Stokley and Gerald Stokley, and Cloma Thompson and Jim Thompson.

Strasburger & Price, L.L.P., Brian G. Hamilton, S. Vance Wittie, Dallas, for Appellant.

J. Patrick Hazel, J. Patrick Hazel, Austin, Texas, Anderson Law Firm, Hank Anderson, Wichita Falls, Texas, The Branch Law Firm, Turner W. Branch, Albuquerque, M.M., for Appellee.

Before LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### INTRODUCTION

This is an interlocutory appeal from the trial court's order denying Appellants Bristol–Myers Squibb Co., Surgitek, Inc., Medical Engineering Corporation, CBI Medical, Inc., and Natural Y/Aesthetech's ("Defendants")[2] motions to transfer venue and motions to strike joinders and interventions. We are asked to decide whether breast implants are consumer goods under the Texas Civil Practice and Remedies Code and whether the joining plaintiffs[3] have established an essential need to try their claims in Wichita County. We affirm in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a products liability case in which Tonya Lynne Goldston and Foy Goldston and the joining plaintiffs ("Plaintiffs") sued Defendants for injuries received as the result of allegedly defective breast implants. The female plaintiffs were members of a nationwide class-action suit, but they opted out of the settlement agreement reached in that suit and chose to pursue their own lawsuits. Tonya Lynne Goldston and her husband, Foy Goldston, filed suit in Wichita County on July 23, 1996. Over one hundred plaintiffs, women with breast implants and their husbands, attempted to join the Goldstons' suit.

Defendants filed numerous motions to transfer venue to Dallas County and a motion to strike joinders and interventions. The trial court denied the motions to transfer venue and, applying pre–1995 venue law, denied the motion to strike joinders and interventions. Defendants then filed their first interlocutory appeal. Holding that the post–1995 venue laws applied, this court reversed the order of the trial court and remanded the case for further proceedings under the post–1995 venue laws.[4] On remand, the trial court, applying post–1995 venue law, again denied Defendants' motions to transfer venue to Dallas County and to strike the joinders and interventions. This second interlocutory appeal followed.

### VENUE REQUIREMENTS FOR INTERVENING PLAINTIFFS

The Texas Civil Practice and Remedies Code provides that "[i]n a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue."[5]

Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue

---

2. The original defendants were Bristol–Myers Squibb Company, CBI Medical, Inc., and General Electric Company. Surgitek, Inc., Medical Engineering Corporation, and Natural Y/Aesthetech were added as defendants. General Electric Company is no longer a party to this suit.

3. Numerous plaintiffs attempted to join the original lawsuit filed by Tonya Lynne Goldston and

Foy Goldston. We will collectively refer to these parties as "the joining plaintiffs."

4. *See Bristol–Myers Squibb Co. v. Goldston*, 957 S.W.2d 671, 674 (Tex.App.—Fort Worth 1997, pet. denied).

5. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a) (Vernon Supp.1999).

for the suit and the persons against whom the suit is brought.[6]

Therefore, a person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff, either (a) establishes proper venue for the county in which the suit is pending *or* (b) satisfies the four requirements listed above.[7]

## CATEGORIES OF PLAINTIFFS

There are ninety-two Plaintiffs remaining in this case, fifty-five women who received breast implants and the thirty-seven spouses of these women.[8] Plaintiffs can be categorized into four groups:

*Group A:* Women who were residents of Wichita County at the time they were implanted and who were implanted in Wichita County and their spouses. There are thirteen Plaintiffs, eight women and five spouses, in this group.[9]

*Group B:* Women who were residents of Wichita County at the time they were implanted but who were not implanted in Wichita County and their spouses. There are twenty-one Plaintiffs, thirteen women and eight spouses, in this group.[10]

*Group C:* Women who were not residents of Wichita County at the time they were implanted and who were not implanted in

Wichita County and their spouses. There are thirty-seven Plaintiffs, twenty-one women and sixteen spouses, in this group.[11]

*Group D:* There are twenty-one Plaintiffs, thirteen women and eight spouses, in this group.[12] Plaintiffs' attorney has indicated that there are not any affidavits or other proof as to where these women were implanted or where they resided at the time they were implanted.

## WHETHER BREAST IMPLANTS ARE CONSUMER GOODS

In their first issue on appeal, Defendants ask this court to decide whether breast implants are "consumer goods" under the Texas Civil Practice and Remedies Code. Section 15.033 allows a suit for breach of warranty by a manufacturer of consumer goods to be brought in the county in which the plaintiff resided at the time the cause of action accrued.[13] If breast implants are consumer goods, then Plaintiffs in groups A and B, those who resided in Wichita County when they were implanted, could rely on section 15.033 to independently establish proper venue in Wichita County. If breast implants are not consumer goods, Plaintiffs in groups A and B must either establish proper venue

6. *Id.*

7. *See id.* § 15.003(b).

8. Each husband is categorized in the same group as his wife.

9. Group A Plaintiffs are Jo Lynn Watkins Cauble, Mable Jean Hall and T.E. Hall, Martha Harbison and Garett Harbison, Doris Kinzer and Albert Kinzer, Lynda Lynch and Jackey Lynch, Cathy Mills and Gary Mills, Linda Wilson, and Carol Woodard.

10. Group B Plaintiffs are Linda Ancell and Gregory Ancell, Merry Angela Blair, Kimberly Boyle and Rick Boyle, Pamela Cadle, Kenda Castles and Mike Castles, Toni Halady and Robert C. Halady, II, Dottie Murphy, Lisa Lois Price, Jo Schmidt and David Schmidt, Barbara Schoyen and James Schoyen, Sr., Jane Styles and David Styles, Kimberly Taylor and Michael Taylor, and Mary Watkins.

11. Group C Plaintiffs are Darlene Alderman, Lea Ash and Danny Ash, Melba Adams Currence and

James Currence, Patricia Dean, Janie Edwards and G. Don Edwards, Gerry Gamboa and Tony Gamboa, Kathy Gary and James Gary, Tonya Lynne Goldston and Foy Goldston, Shelly Jackson and Richard Jackson, Janis Gayle Johnson and Bob Johnson, Mary Elizabeth King and John King, Pam Koetter, Debbie Loafman, Bonita May and Jimmy May, M. Sharon McNett and Ronnie McNett, Edith Rickels and Alvin Rickels, Jean Renee Routon and Arthur Edward Routon, Patty Shipman and Ronnie Shipman, Marian Stanley and George Stanley, Judy Strange, and Patricia Thompson and Gerald Thompson.

12. Group D Plaintiffs are Donna Allen, Rosemarie Chapman and Jackie Chapman, Danell Cook and David Cook, The Estate of Bonnie Hodges and Raymond Leon Hodges, Amelia Kay Hoyt and David Hoyt, Karen Fenoglio Johnson, The Estate of Sallie Lou Knox, Daphne Marsh and Leroy Marsh, Elizabeth McCown and Harlan McCown, Janet McShan, Audrey Torblaa and Robert Torblaa, Melynda Weaver, and Belinda Worley and Ruben Worley.

13. Tex. Civ. Prac. & Rem.Code Ann. § 15.033 (Vernon Supp.1999).

some other way or satisfy the four factors of section 15.003(a).[14]

■ Defendants contend that this issue is properly before this court on interlocutory appeal pursuant to section 15.003(c), which provides that

> [a]ny person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder *of such a person* may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals.[15]

■ This statute does not state that a party opposing intervention or joinder *of any person* may immediately appeal. It only permits a party opposing intervention or joinder *of such a person,* meaning a person who is unable to independently establish proper venue, to file an interlocutory appeal.[16] Section 15.003(c) does not provide for an interlocutory appeal from the trial court's determination that a person seeking intervention or joinder has independently established proper venue.[17] Furthermore, section 15.064 states that the trial court shall determine venue questions from the pleadings and affidavits and that no interlocutory appeal shall lie from that determination.[18]

Plaintiffs in groups A and B, those who resided in Wichita County when they were implanted, are relying on section 15.033 to independently establish proper venue in Wichita County. They are not trying to satisfy the four requirements of section 15.003(a).[19] We hold that the trial court's determination that Plaintiffs in groups A and B have independently established proper venue is not appealable until after the trial on the merits. We therefore do not have jurisdiction during this interlocutory appeal to decide whether Plaintiffs in groups A and B have independently established proper venue.[20] Accordingly, we do not address whether or not breast implants are consumer goods.

## TONYA LYNNE GOLDSTON AND FOY GOLDSTON

■ Tonya Lynne Goldston and Foy Goldston are the original plaintiffs in this lawsuit. Although categorized in group C, they are not joining plaintiffs. Therefore, the only part of the trial court's order that is applicable to them is the denial of Defendants' motions to transfer venue. The Goldstons must meet the requirements of the general venue rule.[21] As previously stated, the trial court determines venue based on the pleadings and affidavits, and there is no provision for an interlocutory appeal from this deter-

---

14. *Id.* § 15.003(a)(1)–(4).

15. *Id.* § 15.003(c) (emphasis added).

16. *See Surgitek, Inc. v. Adams,* 955 S.W.2d 884, 888 (Tex.App.—Corpus Christi 1997, pet. requested) (holding that the phrase "of such a person" relates back to "person seeking intervention or joinder, who is unable to independently establish proper venue").

17. *See Abel v. Surgitek,* 975 S.W.2d 30, 36 (Tex. App.—San Antonio 1998, pet. granted) (holding that no interlocutory appeal is available from a general venue determination); *Surgitek,* 955 S.W.2d at 887 (holding that section 15.003(c) "allows an interlocutory appeal for one specific purpose: to 'contest the decision of the trial court allowing or denying intervention or joinder'" and that appellate court's inquiry is limited to whether joinder or intervention is proper).

18. Tex. Civ. Prac. & Rem.Code Ann. § 15.064(a) (Vernon 1986).

19. *Tex. Civ. Prac. & Rem.Code Ann.* §§ 15.003(a)(1)–(4), 15.033 (Vernon Supp.1999). Plaintiffs in group A contend that they can also independently establish proper venue in Wichita County pursuant to section 15.002(a)(1), as they were implanted in Wichita County. *Id.* § 15.002(a)(1) (general venue rule allowing suit to be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred).

20. *See Surgitek,* 955 S.W.2d at 887 (holding that because section 15.003(c) does not authorize interlocutory appeal of trial court's denial of motion to transfer venue, appellate court was without jurisdiction to consider appellants' point of error).

21. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002 (Vernon Supp.1999).

mination.[22] We therefore do not have jurisdiction to determine whether venue is proper for Tonya Lynne Goldston and Foy Goldston.

## ESSENTIAL NEED

In their second issue on appeal, Defendants argue that the joining plaintiffs have not established an "essential need" to try their claims in Wichita County. ·This issue applies to the remaining thirty-five Plaintiffs in group C, those women who were not residents of Wichita County at the time they were implanted and who were not implanted in Wichita County. These women cannot independently establish proper venue in Wichita County and therefore must satisfy the four requirements of section 15.003(a):

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is ·pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.[23]

Although Defendants state in their brief that they do not concede that any of the four requirements have been satisfied, their brief does not contain any arguments, authorities, or record citations to show that Plaintiffs have not satisfied requirements one, two, and four.[24] Our discussion therefore will focus on the essential need requirement.

### Standard of Review

█ We are to review the trial court's order to determine whether the joinder or intervention is proper based on an independent determination from the record, and we do not apply either an abuse of discretion or substantial evidence standard of review.[25] "We must independently review the pleadings and affidavits to determine whether [Plaintiffs] made prima facie proof of the joinder requirements and, if so, whether the prima facie proof was 'destroyed' by conclusive evidence to the contrary." [26]

█ The determination of whether joinder or intervention is proper is based upon (1) factual determinations concerning the nature of the underlying lawsuit and the situation of the various parties before the trial court and (2) the application of the four requirements of section 15.003(a) to those facts.[27] With regard to the underlying factual determinations, "[w]e must still defer to the trial court's determination of these matters and may not substitute our findings for those of the trial court on controverted questions of fact." [28] However, we independently, or de novo, interpret and apply the legal requirements of section 15.003(a) to the facts of the case as found by the trial court, independent of any deference to the conclusions of the trial court.[29]

### Definition of Essential Need

The legislature did not define "essential need" in the venue statutes, and the parties are in disagreement as to its meaning. In interpreting a statute, we are to give words

22. See TEX. CIV. PRAC. & REM.CODE ANN § 15.064(a) (Vernon 1986); Bristol–Myers Squibb Co. v. Barner, 964 S.W.2d 299, 301 (Tex.App.—Corpus Christi 1998, no pet.) (holding that decision regarding transfer of venue is not subject to interlocutory appeal).

23. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)(1)–(4) (Vernon Supp.1999).

24. See TEX.R.APP. P. 38.1(h).

25. See TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1) (Vernon Supp.1999); Abel, 975 S.W.2d at 36–37.

26. Abel, 975 S.W.2d at 38.

27. See Surgitek, 955 S.W.2d at 888.

28. Id. (noting that there is no indication in section 15.003 that the legislature intended for appellate courts to make independent fact findings about the nature of the underlying lawsuit and the situation of the parties).

29. See id.

their ordinary meaning.[30] Defendants contend that it means "indispensably necessary" and that Plaintiffs must prove that Wichita County is the only possible venue. Plaintiffs argue that "of the utmost importance" is the proper definition.

■ Black's Law Dictionary defines essential as "[i]ndispensably necessary; important in the highest degree; requisite. That which is required for the continued existence of a thing."[31] And it defines need as "[a] relative term, the conception of which must, within reasonable limits, vary with the personal situation of the individual employing it. Term means to have an urgent or essential use for (something lacking); to want, require."[32] As this definition indicates, a determination of whether there is an essential need must be made on a case-by-case basis based on the specific facts as they relate to the individual Plaintiffs.

## APPLICATION OF LAW TO FACTS

■ Plaintiffs have provided prima facie evidence in the form of pleadings and affidavits to establish that there is an essential need to have the suit tried in Wichita County. First, all of the female plaintiffs in group C have the same treating physician, Dr. Danny Bartel, who offices in Wichita County. In his affidavit, Dr. Bartel states that he has examined, treated, and cared for these Plaintiffs, including conducting an initial interview, reviewing each patient's history and medical records, and performing a physical examination and laboratory tests. Dr. Bartel is an expert witness for each female Plaintiff.

Second, Plaintiffs' fact and expert witnesses are located in and around Wichita County. Each female Plaintiff recites in her affidavit that "[m]y fact witnesses, expert witnesses and treating physicians are residents in and around Wichita County, Texas. It would be unduly burdensome and an extreme hardship on myself and individuals involved in my lawsuit if my case were to be transferred from Wichita County, Texas."

Furthermore, all of the group C Plaintiffs are represented by Hank Anderson, who also offices in Wichita County. Mr. Anderson stated in his affidavit that, if the cases were transferred to Dallas County, it would be two to three years before the cases could go to trial. There are also affidavits from two Dallas attorneys noting that it would be several years before the cases could be tried in Dallas County. Mr. Anderson states in his affidavit that "[s]uch a period of delay would be highly detrimental to the interests of my clients, as many are experiencing ongoing and deteriorating disease problems." Mr. Anderson also notes in his affidavit that the expenses of litigation would be increased by having to try suits in Wichita County and in Dallas County and that procedures for informal discovery are already in place in Wichita County.

We have independently reviewed the pleadings and affidavits and have determined that the group C Plaintiffs have made prima facie proof of the joinder requirements and that this prima facie proof was not destroyed by conclusive evidence to the contrary. We therefore affirm the trial court's denial of the motions to strike joinders and interventions as to Plaintiffs in group C.

## PLAINTIFFS IN GROUP D

■ As previously stated, Plaintiffs' attorney has indicated that there are not any affidavits or other proof as to where these women were implanted or where they resided at the time they were implanted. We must therefore conclude that these Plaintiffs cannot independently establish proper venue and are trying to satisfy the four requirements of section 15.003. They have not, however, presented prima facie evidence in the form of pleadings and affidavits that they have satisfied the four requirements. These Plaintiffs have not met their burden. We therefore reverse the trial court's denial of the motions to strike joinders and interventions as to Plaintiffs in group D and remand this case to the trial court for further proceedings consistent with this opinion.

**30.** *See* Tex. Gov't Code Ann. § 312.002 (Vernon 1998).

**31.** Black's Law Dictionary 546 (6 th ed. 1990).

**32.** *Id.* at 1031.

## HOLDING

We do not have jurisdiction to decide whether venue is proper for Tonya Lynne Goldston and Foy Goldston or for Plaintiffs in groups A and B. We affirm the trial court's denial of the motions to strike joinders and interventions as to Plaintiffs in group C. We reverse the trial court's denial of the motions to strike joinders and interventions as to Plaintiffs in group D and remand this case to the trial court for further proceedings consistent with this opinion.