American Home Products Corp. et al. v. Fawn C. Clark, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-134-CV

     AMERICAN HOME PRODUCTS CORPORATION
     AND WYETH-AYERST LABORATORIES, A
     DIVISION OF AMERICAN HOME PRODUCTS
     CORPORATION,
                                                                                              Appellants
     v.

     FAWN C. CLARK, SYLVIA JACOBSON, ANNA
     KRAUS, SHARLET LAWS, NANCY WEBSTER,
     DONNA WELCH, DELIA ZEEH, CAROL BODILY,
     MARY JO HALL, AND SHONNA BUSH,
                                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-213-98
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellees filed suit in Johnson County against Appellants and others for injuries allegedly
sustained as a result of Appellees’ use of a product combination commonly referred to as “phen-fen.” None of the appellees is a resident of Johnson County. Appellants filed a “Motion to
Transfer Venue, Objection to Attempted Joinder, and Motion to Strike and/or Sever Plaintiffs”
under sections 15.002 and 15.003 of the Civil Practice and Remedies Code. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 15.002, 15.003 (Vernon Supp. 1999). After receiving Appellees’
response to this motion and conducting a hearing, the court denied the motion without specifying
the grounds for its decision. 
      Appellees questioned our jurisdiction to hear this interlocutory appeal purportedly brought
under section 15.003(c) of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 15.003(c) (Vernon Supp. 1999). Because the court’s original order did not specify
whether the court denied Appellants’ motion because each appellee had established proper venue
under section 15.002 or because each appellee was properly joined under section 15.003, we
abated this cause and directed the court to prepare a revised order specifying the basis for its
decision so we could answer Appellees’ jurisdictional challenge. See American Home Prods.
Corp. v. Clark, No. 10-99-134-CV, slip op. at 3, 1999 WL 435200, at *2 (Tex. App.—Waco June
29, 1999, order).
      The court signed its “Revised Order” on July 9. That order states in pertinent part:
Based upon the record, the pleadings and all evidence, the Court finds that venue as to
all Defendants is appropriate under Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(2) and
15.005.
 
As the Court finds that Plaintiffs, each of them, have established venue as to all
defendants pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(2) and 15.005, the
Court need not decide the issues presented by the motions, evidence, and argument
concerning Tex. Civ. Prac. & Rem. Code § 15.003.

      No interlocutory appeal is permitted from a determination that venue has been established
under sections 15.002(a) and 15.005 of the Civil Practice and Remedies Code. Bristol-Myers
Squibb Co. v. Goldston, 983 S.W.2d 369, 374 & n.19 (Tex. App.—Fort Worth 1998, pet. dism’d
by agr.); Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 1986). Accordingly, we
dismiss this appeal for want of jurisdiction.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray 
Dismissed for want of jurisdiction
Opinion issued and filed July 21, 1999
Publish