In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00100-CV
______________________________


 
 
IN THE ESTATE OF THURMAN HUTTO, SR., DECEASED
 
 


                                              

On Appeal from the County Court at Law
 Rusk County, Texas
Trial Court No. 05-019P


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            In 1979, Thurman Hutto, Sr., and wife, Ruth Vincent


 Hutto, executed a joint will providing
a comprehensive plan for disposition of the assets following their deaths. Shortly after Ruth passed
away in 2004, the joint will was admitted to probate. The month after the joint will had been
probated, Thurman executed a new will, changing the disposition of the estate. When Thurman
passed away in 2005, Charles Ray Hutto, Thurman's brother, introduced the 2004 will for probate. 
Ruth's daughter, Martha Jo Addington, objected to the probate of Thurman's 2004 will, arguing that
the 1979 joint will was contractual. After a hearing,


 the trial court overruled Addington's objection
and probated the 2004 will.
            On appeal, Addington asserts the trial court erred in failing to probate the joint will and erred
in admitting the 2004 will to probate without imposing a constructive trust on the estate assets. 
Hutto argues the trial court properly overruled Addington's objection because Addington failed to
plead that the joint will was contractual and because there was no evidence the joint will was
contractual. Addington responds that the trial court took judicial notice of the prior proceedings and
that the pleadings were sufficient.


 Because we hold that the 1979 will was contractual and that a
constructive trust should have been imposed, we reverse the judgment of the trial court and remand
to the trial court for the imposition of a constructive trust reflecting the terms of the 1979 will.
            The sufficiency of the pleadings is judged based on whether they provide the opponent with
fair and adequate notice. Roark v. Allen, 633 S.W.2d 804, 809–10 (Tex. 1982); Howell v. Mauzy,
899 S.W.2d 690, 707 (Tex. App.—Austin 1994, writ denied). "Fair notice" requires that "an
opposing attorney of reasonable competence" can ascertain the nature and basic issues of the
controversy. City of Alamo v. Casas, 960 S.W.2d 240, 251 (Tex. App.—Corpus Christi 1997, pet.
denied). Addington's pleading, while not recommended, provided sufficient notice of the claim to
the trial court and the adverse party.
            Addington requested, in her objection to probating the 2004 will, that the trial court take
judicial notice of Ruth's probate proceedings which probated the joint will. Although copies of the
prior probate proceedings were filed with the county clerk in that case, the joint will was never
introduced into evidence in this case, and the record does not contain an explicit ruling on whether
the trial court took judicial notice. Rule 201(d) of the Texas Rules of Evidence states, "A court shall
take judicial notice if requested by a party and supplied with the necessary information." Tex. R.
Evid. 201(d); see Office of Pub. Util. Counsel v. Public Util. Comm'n, 878 S.W.2d 598, 600 (Tex.
1994); Surgitek, Inc. v. Adams, 955 S.W.2d 884, 889 n.4 (Tex. App.—Corpus Christi 1997, pet.
dism'd). While the better practice is either to tender into evidence the prior will and proof of its
probate or to obtain an expression from the trial court that it took judicial notice, it is clear from the
context of the trial court's comments that it took judicial notice of the 1979 will and its probate.



            A joint will becomes contractual when it is executed pursuant to an agreement between the
testators to dispose of their property in a particular manner, each in consideration of the other. Nye
v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 168 (1946); In re Estate of Osborne, 111 S.W.3d 218,
220 (Tex. App.—Texarkana 2003, pet. dism'd). The primary factor, when determining whether a
joint will is contractual, is whether the will, as a whole, provides "a comprehensive plan for
disposing of the whole estate of either or both" of the testators.


 A joint will has a comprehensive
plan of disposition if it "treats the property of both testators as one estate" and also "provides for a
disposition of the estate property both at the time of the first testator's death and a disposition of the
remainder of the estate on the death of the survivor." Osborne, 111 S.W.3d at 220.
            When determining the intent of the testator, a court must ascertain the intent from the
"language used within the four corners of the instrument." Odeneal v. Van Horn, 678 S.W.2d 941,
942 (Tex. 1984) (quoting Shriner Hosp. for Crippled Children v. Stahl, 610 S.W.2d 147, 151 (Tex.
1980)). Therefore, when an intent appears on the face of the will, extrinsic evidence is not
admissible to contradict that intent. Odeneal, 678 S.W.2d at 942; see Kirk v. Beard, 162 Tex. 144,
345 S.W.2d 267 (1961).
            When the focus is within the four corners of the 1979 will, as it should be, the contractual
nature of the will is clear. Paragraph III of the joint will provides as follows:
After payment of our just debts, it is our will and desire, and will and desire of each
of us, that the survivor of us, Thurman Hutto or Ruth Hutto, as the case may be, shall
have absolutely all of the estate of every character and description, real, personal or
mixed, which either or both of us may own or have any interest in at the time of death
of one of us dying first, hereby intended to include both community and separate
property, to use, to enjoy, to sell, to lease, to mortgage, or do anything that the
survivor may see fit to do with said property, but if at the time of the death of the
survivor of us, there be any of said property left, then it is our will and we direct that
said property shall pass to and vest in fee simple forever, to the following persons in
the following proportions, to-wit:
Thurman Hutto, Jr. - $500.00
Carolyn Hutto Green - $500.00
The rest and residue of our estate shall pass to and vest in fee simple forever to
Jimmy Lynn Vinson, Dale Vinson, Gail Vinson Howeth, and Martha Jo McKinley,
share and share alike.




Paragraph IV of the joint will provides an identical distribution of the estate should Thurman and
Ruth pass away simultaneously or approximately so. 
            The joint will treats the property of Thurman and Ruth as a single estate. While Thurman
and Ruth's use of the plural pronouns "our," "we," and "us" alone does not establish a contractual
will, it is some evidence of an intention of both the testators to treat their property as one estate. The
estate is treated as a single unit, and the will specifically provides that the estate includes both
community and separate property. In addition, the joint will contains a comprehensive plan to
dispose of all property. The above is clear proof that both Thurman and Ruth intended to make a
final disposition of their estate on the death of the survivor by providing for the disposition of all
remaining property. Courts have held similarly worded wills to be contractual.


 Because the intent
of the testators is clear on the face of the will, Addington conclusively proved the will was
contractual. Therefore, enforcing the terms of the 2004 will, to the detriment of the devisees of the
1979 will, was error.
            The appropriate remedy, when the surviving party to a contractual will attempts to
circumvent the terms of that will, is to impose a constructive trust on the estate in order to enforce
the terms of the contractual will. Osborne, 111 S.W.3d at 223. A joint will can be revoked, but only
to the extent the subsequent will does not contradict the terms of the contract. Id. The trial court
did not err in admitting the 2004 will to probate. See id. But the trial court should have imposed a
constructive trust on the estate in favor of the devisees of the 1979 will to the extent necessary to
enforce the contract, that is, the terms of the 1979 will.
            For the reasons stated, we reverse the judgment of the trial court and remand for imposition
of a constructive trust in favor of the residual devisees of the 1979 will and for any further
proceedings consistent with this opinion.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 15, 2006
Date Decided:             March 7, 2006